



17-2 00426-3

## CASE TYPE 2
### CLARK COUNTY SUPERIOR COURT
CASE INFORMATION COVER SHEET

**Case Number** _____  **Case Title** _Torres vs Zamanizadeh_
**Attorney Name** _David Richardson_  **Bar Membership Number** _____

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form.

**APPEAL/REVIEW**
___ Administrative Law Review (ALR 2)
___ Appeal of a Department of Licensing Revocation (DOL 2)
___ Civil, Non-Traffic (LCA 2)
___ Civil, Traffic (LCI 2)

**CONTRACT/COMMERCIAL**
___ Breach of Contract (COM 2)
___ Commercial Contract (COM 2)
___ Commercial Non-Contract (COL 2)
___ Third Party Collection (COL 2)

**PROTECTION ORDER**
___ Civil Harassment (HAR 2)
___ Domestic Violence (DVP 2)
___ Foreign Protection Order (FPO 2)
___ Sexual Assault Protection (SXP 2)
___ Stalking (STK 2)
___ Vulnerable Adult Protection (VAP 2)

**JUDGMENT**
___ Abstract Only (ABJ 2)
___ Foreign Judgment (FJU 2)
___ Judgment, Another County (ABJ 2)
___ Judgment, Another State (FJU 2)
___ Tax Warrant (TAX 2)
___ Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
___ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
___ Change of Name (CHN 2)
___ Petition for Certificate of Restoration of Opportunity (CRP2)
___ Deposit of Surplus Funds (MSC 2)
___ Emancipation of Minor (EOM 2)
___ Injunction (INJ 2)
___ Interpleader (MSC 2)
___ Malicious Harassment (MHA 2)
___ Minor Settlement (No guardianship) (MST 2)
___ Petition for Civil Commitment (Sexual Predator)(PCC 2)
___ Property Damage-Gangs (PRG 2)
___ Public Records Act (PRA 2)

___ Restoration of Firearms Rights (RFR2)
___ Relief from Duty to Register (RDR2)
___ School District – Required Action Plan (SDR 2)
___ Seizure of Property from Commission of Crime (SPC 2)
___ Seizure of Property Resulting from a Crime (SPR 2)
___ Subpoenas (MSC 2)

**PROPERTY RIGHTS**
___ Condemnation (CON 2)
___ Foreclosure (FOR 2)
___ Land Use Petition (LUP 2)
___ Property Fairness (PFA 2)
___ Quiet Title (QTI 2)
___ Unlawful Detainer (UND 2)

**TORT, MEDICAL MALPRACTICE**
___ Hospital (MED 2)
___ Medical Doctor (MED 2)
___ Other Health Care Professional (MED 2)

**TORT, MOTOR VEHICLE**
___ Death (TMV 2)
___ Non-Death Injuries (TMV 2)
___ Property Damage Only (TMV 2)
___ Victims of Motor Vehicle Theft (VVT 2)

**TORT, NON-MOTOR VEHICLE**
___ Asbestos (PIN 2)
___ Other Malpractice (MAL 2)
___ Personal Injury (PIN 2)
___ Products Liability (TTO 2)
___ Property Damage (PRP 2)
___ Wrongful Death (WDE 2)

**WRIT**
___ Habeas Corpus (WHC 2)
___ Mandamus (WRM 2)
___ Restitution (WRR 2)
___ Review (WRV 2)
___ Miscellaneous Writs (WMW 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

_____

*Please Note: Public information in court files and pleadings may be posted on a public Web site.*

_Fraud, unjust enrichment_

1

PMC

**EXHIBIT 1**
**Page 1 of 13**

FILED
2017 FEB 21 AM 9:11
SCOTT G. WEBER, CLERK
CLARK COUNTY

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

COUNTY OF CLARK

| | |
|---|---|
| ANGELA TORRES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH, a/k/a ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>Defendants. | Case No. 17-2 00426-3<br><br>SUMMONS (20 Days) |

**TO THE DEFENDANT:** A lawsuit has been started against you in the above entitled court by ANGELA TORRES, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 20th day of February, 2017

David Richardson, WSBA# 41777
Attorney for ANGELA TORRES

Page - 1 – SUMMONS

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843
PMC

EXHIBIT 1
Page 2 of 13

FILED
2017 FEB 21 AM 9:11
SCOTT G. WEBER, CLERK
CLARK COUNTY

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

COUNTY OF CLARK

| | |
|---|---|
| ANGELA TORRES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH, a/k/a ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>Defendants. | Case No. 17-2 00426-3<br><br>**COMPLAINT**<br><br>(Fraud; Unjust enrichment)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her attorneys, PDX Law Group, P.C., hereby allege:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the parties to this complaint because the real property at issue is situated in Clark County, Washington; the Plaintiff resides in Clark County, Washington; and Defendants conduct caused harm suffered by Plaintiff in Clark County, Washington.

///

///

Page - 1 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97203
(503) 546-0141- Fax (503) 536-6843
PMC

EXHIBIT 1
Page 3 of 13

## PARTIES

2.

Plaintiff is an individual residing in Clark County, Washington.

3.

Upon information and belief, at all times mentioned herein, Defendant Alireza Zamanizadeh, also known as Ali Zamani, ("Defendant Zamani") was and is an individual residing in Multnomah County, Oregon. Defendant Zamani maintains dual American and Iranian citizenship and is the principal shareholder and president of Defendant Adult Care Search.

4.

Upon information and belief, at all times mentioned herein, Defendant Adult Care Search ("Defendant ACS") was and is a non-profit corporation formed under the laws of the State of Oregon with a principal place of business in Multnomah County, Oregon. Plaintiff cannot determine whether Defendant ACS is registered to conduct business in the State of Washington.

## GENERAL ALLEGATIONS

5.

Plaintiff seeks relief against Defendants to make right Defendants' fraudulent conduct perpetrated against her. Defendant Zamani engaged Plaintiff in a romantic relationship with the ulterior motive of defrauding her of assets. Defendant Zamani took advantage of Plaintiff, a mother separated from her spouse for seven years and considering divorce. Defendant Zamani used the confidence he had built up between them to convince Plaintiff to transfer to him and/or to his company, Defendant ACS, substantial assets, under the pretense of protecting them from any interest that might be asserted against them by Plaintiff's then-spouse in the divorce proceedings.

Page - 2 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
Page 4 of 13

Defendant Zamani asserted, promised, and agreed that any such transfers of Plaintiff's assets to him or to Defendant ACS was for Plaintiff's benefit and would only be temporary. Defendant Zamani asserted, promised, and agreed that all such assets received from Plaintiff would be returned to her upon finalization of her divorce. It is now clear that Defendants intended from the outset never to return such assets received from Plaintiff, and to continue to wrongfully withhold them from her. To the extent possible, Plaintiff seeks to recover her property from Defendants, along with an award of money damages to compensate her for the value of property that is not recoverable.

6.

Plaintiff and Defendant Zamani met in late May 2016. Shortly thereafter, they became romantically involved and physically intimate. The relationship continued in this way until Defendant Zamani travelled to his native Iran on or about September 2, 2017.

7.

At the time she met Defendant Zamani, Plaintiff had been informally separated from her husband for approximately seven years and considered divorce. Defendant Zamani urged her to initiate divorce proceedings and offered to support her emotionally during such proceedings. He also suggested that he could provide physical protection to Plaintiff and her children.

8.

Defendant Zamani convinced Plaintiff that her personal assets put her at great financial risk in the divorce and urged her to protect those assets by transferring them to Defendant ACS. Defendant Zamani assured Plaintiff his only interest was in protecting her and that the assets would not be used or diminished by him or Defendant ACS and would be returned once her divorce was complete.

///

Page - 3 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

**EXHIBIT 1**
**Page 5 of 13**

9.

Pursuant to Defendant Zamani's instruction and upon his assurances, Plaintiff did transfer substantial assets to Defendant ACS. On or about June 13, 2016, Plaintiff withdrew $70,000 from an IRA account and deposited the funds into a Chase bank checking account belonging to Defendant Zamani and/or Defendant ACS. On or about June 14, 2016, Plaintiff executed a quit claim deed, transferring her house and real property at 779 W Chestnut St, in Washougal, Washington (the "Property"), to Defendant ACS. On or about June 17, 2016, Plaintiff transferred $220,000 from a Roth IRA account into the same Chase bank checking account belonging to Defendant Zamani and/or Defendant ACS.

10.

In August 2016, Defendant Zamani asked Plaintiff to obtain a $60,000 home equity line of credit against the Property from her bank because he needed an influx of capital to maintain Defendant ACS. Plaintiff applied for such a line of credit at her regular bank and other banks but was unsuccessful due to a recent employment change and the fact that she no longer was record owner of the Property. Caring for Defendant Zamani and knowing how important maintaining his business interests was to him, Plaintiff agreed to allow Defendant Zamani and/or Defendant ACS to use funds from her retirement accounts that had been transferred in June in order to shield them in the divorce.

11.

On information and belief, on or about September 15, 2016, Defendant Zamani, while in Iran and intending to assuage any doubts Plaintiff might have regarding his financial state and ability to reconvey the above property and funds to Plaintiff, Defendant Zamani sent Plaintiff photos of properties in Iran he claims to own, representing that they were listed for sale for amounts

Page - 4 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
Page 6 of 13

totaling $14,500,000. Defendant Zamani also represented to Plaintiff that he had just entered into a transaction worth $27,000,000 to him and/or Defendant ACS.

12.

In September 2016, while in Iran, Defendant Zaman requested Plaintiff's assistance with business dealings in the Portland metro area, including assistance with the purchase of hundreds of wave runners to ship to Iran for Defendant Zamani and/or Defendant ACS. Because Defendant Zamani was in Iran, he asked Plaintiff to advance him $13,000 via cashier's check from her bank, which she did, and Plaintiff personally delivered the cashier's check to Joan Tajadod who presumably then sent the money to Defendant Zamani.

13.

In addition to the Property, Plaintiff transferred a total of $313,000 to Defendant Zamani and/or Defendant ACS (the "Funds").

14.

On or about November 30, 2016, Defendant Zamani returned from Iran. While he continued to communicate with Plaintiff via telephone, text, and email, and continued to refer to her in loving terms, he became evasive and withdrawn whenever Plaintiff would raise the subject of the Property or the Funds.

15.

Previously unbeknownst to her, Plaintiff learned in December 2016, that at approximately the same time she and Defendant Zamani became romantically involved, he had begun cohabitating with another woman, with whom he had already been romantically involved. Defendant Zamani had no intention of entering into a romantic relationship with Plaintiff. The sole purpose of Defendant Zamani's relationship with Plaintiff was to induce her to transfer her substantial assets to

Page - 5 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
Page 7 of 13

him or to Defendant ACS, namely the Property and the Funds, with no intention of reconveying them back to her after her divorce was complete.

16.

Plaintiff's divorce was completed in December 2016. During the divorce process, Plaintiff's divorce attorney informed her that the assets transferred to Defendants were not at risk and such assets were fully disclosed during the divorce proceedings. Despite repeated requests, Defendant Zamani and Defendant ACS have not reconveyed the Property and the Funds to Plaintiff.

**FIRST CLAIM FOR RELIEF**

**FRAUD**

17.

Plaintiff re-alleges paragraphs 1 through 15, above, as if fully stated here.

18.

By representing to Plaintiff that he and Defendant ACS would protect the Property and the Funds for Plaintiff and would reconvey the same to her again after her divorce was complete, Defendant Zamani, individually and for Defendant ACS, made representations of fact to Plaintiff.

19.

Defendant Zamani's representations were material to Plaintiff's decision whether or not to transfer the Property and the Funds to Defendant Zamani and/or Defendant ACS. Plaintiff never intended the transfers to be permanent and would not have made them if she had been informed she would not receive the property back.

20.

Defendant Zamani's representations were false when made.

Page - 6 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
Page 8 of 13

21.

Defendant Zamani knew of the falsity of his representations when made.

22.

Defendant Zamani intended that his representations be acted upon by Plaintiff by transferring the Property and the Funds to him and/or Defendant ACS.

23.

Plaintiff was ignorant of the falsity of Defendant Zamani's representations.

24.

Plaintiff relied on the truth of Defendant Zamani's representations.

25.

Plaintiff was entitled to so rely on the truth of Defendant Zamani's representations.

26.

By acting to her detriment upon Defendant Zamani's representations, Plaintiff has been damaged in the amount of $311,583 (or other amount to be proven at trial) and loss of the Property, which she seeks to be returned to her, or, as the Property is valued at $573,000, a total of $884,583 (or other amount to be proven at trial).

In the alternative to Plaintiff's FIRST claim for relief,

## SECOND CLAIM FOR RELIEF

## UNJUST ENRICHMENT

27.

Plaintiff re-alleges paragraphs 1 through 15, above, as if fully stated here.

///

Page - 7 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

**EXHIBIT 1**
**Page 9 of 13**

28.

Plaintiff transferred the Property and the Funds to Defendant Zamani and/or Defendant ACS for their benefit and with their knowledge.

29.

Under the circumstances, Defendant Zamani and Defendant ACS knew or should reasonably have known that Plaintiff expected the Property and the Funds to be returned to her upon completion of her divorce.

30.

If not made to return the Property and the Funds to Plaintiff, Defendant Zamani and/or Defendant ACS would be unjustly enriched by possession of the Property, which she seeks to be returned to her, and in the amount of $311,583 (or other amount to be proven at trial), or, as the Property is valued at $573,000, a total of $884,583 (or other amount to be proven at trial).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants for the following relief:

A. For Plaintiff's FIRST or SECOND claim for relief, Plaintiff seeks:

    i. Declaratory relief vesting title to the Property, and all appurtenant use and ownership rights, with Plaintiff alone, free of all encumbrances of Defendants, their successors, or assigns;

    ii. Injunctive relief requiring Defendants to execute a quitclaim deed, transferring legal record title to the Property to Plaintiff, or, failing such, allowing Plaintiff to record a copy of such judgment in the deed records of Clark County, Washington, to effectuate such transfer; and,

Page - 8 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

**EXHIBIT 1**
**Page 10 of 13**

      iii. Money damages in the amount of $311,583, owed to Plaintiff by Defendants, jointly and severally.

B. Or, alternatively, for Plaintiff's FIRST or SECOND claim for relief, Plaintiff seeks:

      i. Money damages in the amount of $884,583, owed to Plaintiff by Defendants, jointly and severally.

C. Any additional relief this Court deems just and proper.

DATED this 20th day of February, 2017

*/s/ David Richardson*
David Richardson, WSBA# 41777
david@pdxlawgroup.com
Attorney for ANGELA TORRES

Page - 9 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
Page 11 of 13

FILED
2017 APR -5 PM 2:24
SCOTT G. WEBER, CLERK
CLARK COUNTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| ANGELA TORRES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH aka ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>Defendants. | Case No. 17-2-00426-3<br><br>**NOTICE OF APPEARANCE** |

TO THE PLAINTIFF ABOVE NAMED and, attorney, as attorney of record:

YOU AND EACH OF YOU will please take NOTICE that the Defendants ALIREZA ZAMAIZADEH aka ALI ZAMANI, and ADULT CARE SEARCH, without having waived objection as to improper service or jurisdiction, hereby appears in the above-entitled action and requests that all further papers and pleadings, except original process, be served upon the undersigned attorney at the address below stated.

DATED this 31st day of March, 2017.

LANDERHOLM, P.S.

TIMOTHY J. CALDERBANK, WSBA #45682
805 Broadway Street, Suite 1000
Vancouver, WA 98666-1086
(360) 696-3312
Of Attorneys for Defendants

NOTICE OF APPEARANCE - 1
BORJ03-000001- 2038983.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
Page 12 of 13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies as follows:

1. My name is June M. Borja. I am a citizen of the United States, over the age of eighteen (18) years, a resident of the State of Washington, and am not a party of this action.

2. On the 5th day of April, 2017, a copy of the foregoing **NOTICE OF APPEARANCE** was delivered via first class United States Mail, postage prepaid, to the following:

David Richardson
PDX Law Group, P.C.
121 SW Morrison, Suite 1520
Portland, OR 97204

**I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED: April 5, 2017

At: Vancouver, Washington

JUNE M. BORJA

NOTICE OF APPEARANCE - 2
BORJ03-000001- 2038983.doc

**LANDERHOLM**
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

**EXHIBIT 1**
**Page 13 of 13**