David Richardson, OSB 051370
david@pdxlawgroup.com
PDX LAW GROUP PC
121 SW Morrison St., Ste. 1520
Portland, OR 97204
(ph) 503-546-0141
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| ANGELA TORRES, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH, a/k/a ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>    Defendants. | Case no.: 3:17-CV-01270-AC<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Plaintiff Angela Torres replies to defendants' answer, affirmative defenses, and counterclaims as follows:

**PLAINTIFF'S RESPONSIVE PLEADING**

1.

No response is required for paragraphs 1-5 and 7-30, which are defendants' responsive pleading and contain no additional facts. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

2.

In response to paragraph six, Plaintiff admits the parties began, maintained, and eventually ended a romantic relationship, denies any allegations that the romantic feelings or

Plaintiff's Reply to Defendants' Answer, Affirmative Defenses, and Counterclaims - Page 1

*Torres v. Zamanizadeh et al*, no. 3:17-cv-02170-AC

efforts were one-sided, and denies the allegation that Mr. Zamanizadeh "mostly rebuffed" Plaintiff. Plaintiff denies any remaining allegations in the paragraph for lack of knowledge.

3.

In response to defendants' first affirmative defense, no response is possible because defendants' allegation is a legal conclusion and defendants failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

4.

In response to defendants' second affirmative defense, no response is possible because defendants' allegation is a legal conclusion and defendants' failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

5.

In response to defendants' third affirmative defense, no response is possible because defendants' allegation is a legal conclusion and defendants' failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

6.

In response to defendants' fourth affirmative defense, no response is possible because defendants' allegation is a legal conclusion and defendants' failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

7.

In response to defendants' fifth affirmative defense, no response is possible because defendants' allegation is a legal conclusion and defendants' failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

///

Plaintiff's Reply to Defendants' Answer, Affirmative Defenses, and Counterclaims - Page 2

*Torres v. Zamanizadeh et al*, no. 3:17-cv-02170-AC

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

8.

In response to defendants' sixth affirmative defense, no response is possible because defendants' allegation is a legal conclusion and defendants' failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

9.

In response to defendants' first counterclaim, plaintiff denies the allegations in counterclaim paragraphs 7-9. In addition, the allegations are so vague that plaintiff also denies them due to lack of knowledge about what the allegations mean or imply.

10.

In response to defendants' second counterclaim, no response is possible because defendants' allegation is a legal conclusion and defendants' failed to assert any facts to support it. To the extent a response is required or permitted, Plaintiff denies defendants' allegations.

11.

Plaintiff denies any allegations or conclusions that were not expressly admitted.

**PLAINTIFF'S AFFIRMATIVE DEFENSES**

12.

**(Failure to State a Claim)**

Defendants fail to allege facts sufficient to state a claim for which relief can be granted.

13.

**(Unclean Hands)**

Defendants are barred from stating a claim or recovery under the unclean hands doctrine. Denial of defendants' recovery is not an unjust result where defendants' conduct rises to the level of crime, fraud, and bad faith.

Plaintiff's Reply to Defendants' Answer, Affirmative Defenses, and Counterclaims - Page 3

*Torres v. Zamanizadeh et al*, no. 3:17-cv-02170-AC

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

14.

**(Lack of Damages and Failure to Mitigate)**

Defendants have suffered no damages to support their claims. If they have, defendants failed to mitigate their damages and their claims are therefore barred.

15.

**(Waiver and Estoppel)**

Defendants own conduct waived or now precludes their cause of action or recovery.

16.

**(Causation and Intervening Conduct)**

Defendants' causes of action and damages were caused by others or by independent or intervening events or conduct.

17.

**(Contributory Negligence)**

Defendants' conduct gave rise to their own cause of action and damages.

18.

**(Bad Faith)**

Defendants' causes of action and damages are barred because defendants failed to act in good faith and in accordance with reasonable standards.

19.

**(Reservation of Additional Defenses)**

Plaintiff reserves the right to amend this pleading and to rely on additional defenses that become apparent or available during discovery and otherwise in this matter.

///

Plaintiff's Reply to Defendants' Answer, Affirmative Defenses, and Counterclaims - Page 4

*Torres v. Zamanizadeh et al*, no. 3:17-cv-02170-AC

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

## PLAINTIFF'S COUNTERCLAIM

20.

### (Attorney Fees)

If defendants are entitled to attorney fees under contract, statute, or common law principles, Plaintiff now requests attorney fees under ORS 20.096 and the same statute or common law principal as claimed, but not named, by defendants.

21.

Pursuant to ORCP 17, Plaintiff is entitled to an award of her reasonable fees and costs incurred in the defense of defendants' claims. Defendants asserted their counterclaims in bad faith, wantonly, or solely for oppressive reasons; without any sound basis in law or fact; and without any reasonable argument for the extension of law to encompass their claims.

DATED October 12th, 2017

**PDX LAW GROUP PC**

*/s David Richardson*
David Richardson, OSB 051370
david@pdxlawgroup.com
Attorneys for Plaintiff

*Served upon defendants' counsel by ECF and email*

Plaintiff's Reply to Defendants' Answer, Affirmative Defenses, and Counterclaims - Page 5

*Torres v. Zamanizadeh et al*, no. 3:17-cv-02170-AC

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843