David Richardson, OSB
david@pdxlawgroup.com
PDX LAW GROUP, PC
121 SW Morrison, Suite 1520
Portland, OR 97204
(ph) 503-546-0141
(fax) 503-536-6843
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| ANGELA TORRES, an individual<br><br>Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH, a/k/a ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>Defendants. | Case no.: 3:17-cv-01270-AC<br><br>**DECLARATION OF FRANK M. NAJAR**<br><br>In support of Plaintiff's motion for a TRO and order to show cause |

I, Frank M. Najar, do state and declare:

1. I am an Investigator for the Oregon Department of Justice's Charitable Activities Section. I have been employed by the Department since May 2017, and previously worked for over 15 years investigating financial fraud and theft through the examination of financial records at a major national financial institution.

2. In May 2017, I was assigned the investigation of Adult Care Search, Inc. (Adult Care Search) an Oregon public benefit nonprofit corporation.

///

///

Declaration of Frank M. Najar
Page 1
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

3. According to Oregon Secretary of State public records, Adult Care Search was incorporated in December 2012 by Ali Zamani. Zamani, who also goes by the name Alireza Zamanizadeh, is the President of Adult Care Search.

4. Adult Care Search is also registered as a charity with the Charitable Activities Section of the Oregon Department of Justice. According to Internal Revenue Service public records, Adult Care Search obtained tax exempt status pursuant to section 501(c)(3) of the Internal Revenue Code.

5. Oregon Secretary of State public records show that in February 2017 Zamani, as Adult Care Search's Authorized Representative, registered two Assumed Business names, US Seniors Foundation and US Seniors Associtiation, on behalf of Adult Care Search.

6. Oregon Secretary of State public records show that Zamani founded Acareoption.com, Inc., an Oregon for-profit corporation. Zamani is the President, Secretary, and Registered Agent of Acareoption.com, Inc., an Oregon for-profit corporation.

7. In April 2017, before initiating the current investigation, the Department received a complaint regarding Adult Care Search, alleging in sum and substance that Zamani had induced Angela Torres, formerly known as Angela Shergill, to transfer her personal residence and approximately $290,000 from her retirement accounts in order to shield them during the course of Torres's divorce proceedings. The complaint alleged that Zamani refused to return the residence and money to Torres after the divorce proceedings concluded.

8. In April 2017, the Department issued to Adult Care Search an Order to Appear and Produce Documents, requesting that the charity produce documents relating to its corporate governance, program activities, and finances.

Declaration of Frank M. Najar
Page 2
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

PDX Law Group, P.C.
121 SW Morrison, Suite 1520
Portland, OR 97204
PH 503.546.0141  FAX 503.536.6843

9. At the same time, the Department issued to Chase Bank an Order to Appear and Produce Documents, requesting the bank produce financial records relating to Adult Care Search and US Seniors Foundation.

10. In May and June 2017, Adult Care Search and its bank produced bank statements, QuickBooks files, Board Meeting Minutes, and other relevant documents.

11. On July 27, 2017, I conducted an in-person interview of Zamani in connection with the Department's investigation.

12. I reviewed all of the documentation provided by Adult Care Search and Chase Bank. My review included analyzing the QuickBooks files, examining bank statements, cancelled checks and deposits, reading board minutes, and searching open-source information regarding the nonprofit and Zamani, among other investigative procedures. The conclusion of my review is described in the following paragraphs:

13. From February 2014 through April 2017, the period for which I obtained detailed bank records (hereinafter, the "review period"), Adult Care Search's board of directors consisted of Zamani, Zamani's elderly father, and a family friend. Meeting minutes for the board of directors did not show that the board of directors conducted any meaningful oversight over the charity's finances and other activities.

14. The bank records disclosed that on June 13, 2016, a $70,000.00 cashier's check, showing Angela Shergill (Torres's former name) as the remitter, was deposited into Adult Care Search's Chase Bank account (ending in *6923), and that on June 22, 2016, $220,000.00 was wired into the same account from an account located at Wells Fargo Bank. The sum of these amounts corresponded to the amount that the April 2017 complaint alleged that Zamani induced Torres to transfer to Adult Care Search.

Declaration of Frank M. Najar
Page 3
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

PDX Law Group, P.C.
121 SW Morrison, Suite 1520
Portland, OR 97204
PH 503.546.0141  FAX 503.536.6843

15. The $290,000.00 received in the wire transfer and cashier's check comprised approximately 77% of the total funds deposited into the Adult Care Search Chase Bank account between February 2014 and January 2017.

16. Zamani also produced an Adult Care Search donation receipt dated June 14, 2016 that purported to show that Angela Shergill assigned real property located at 779 W. Chestnut St., Washougal, WA 98671 to Adult Care Search, and assigned to the property a purported value of $240,000.00.

17. The documents provided by Adult Care Search and its bank, as well as publicly available information, do not show that Adult Care Search conducted any substantial and legitimate charitable activities or programs during the review period.

18. To the contrary, bank statements and QuickBooks files reveal considerable activity conducted by Zamani during the review period through Adult Care Search's bank account that does not appear to be related to charitable purposes.

19. For example, documents disclosed hundreds of fund transfers during the review period between Adult Care Search's Chase Bank account and two other Chase Bank accounts (ending in *2074 and *3236), that are owned by Acareoption.com, Zamani's for-profit corporation.

20. The fund transfers described in Paragraph 19 were disproportionately in favor of Zamani's for-profit, Acareoption.com. While Zamani transferred approximately $139,000 from his nonprofit to Acareoption.com during the review period, he transferred only approximately $56,000 back to the nonprofit from Acareoption.com. In addition, as shall be described in Paragraph 28 below, the Department learned that, during the three months after the review period, Zamani transferred an additional $199,700 from the nonprofit to Acareoption.com.

Declaration of Frank M. Najar
Page 4
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

PDX Law Group, P.C.
121 SW Morrison, Suite 1520
Portland, OR 97204
PH 503.546.0141  FAX 503.536.6843

21. Documents also showed that during the review period Zamani made ATM and cash teller withdrawals of approximately $142,000 from Adult Care Search's bank account. Zamani has produced no documentation of how the cash withdrawn from the nonprofit was spent.

22. In addition, the documents showed hundreds of transactions from these three accounts during the review period that appear to be for personal expenses. These transactions included payments to domestic and international Airlines, restaurants, hotels, bars, nightclubs, adult entertainment venues, department stores, jewelers, and supermarkets. Funds from these accounts were also used to purchase at least four automobiles, gasoline station purchases, and automotive maintenance.

23. The charity has provided no documentation to show that any of the expenditures and transfers described in the preceding paragraph served a legitimate charitable purpose. Furthermore, in my review of the documents produced by Adult Care Search and its bank, I found no evidence that any of the money from either Adult Care Search's or Acareoption.com's bank accounts was ever used for any expenditures relating to any charitable services or programs during the review period.

24. Bank documents also showed that on April 27, 2017, a $300,329.12 deposit was made into the Adult Care Search bank account. Bank records initially received by the Department did not indicate the source of these funds.

25. When I interviewed Zamani on July 27, 2017, he explained the $300,329.12 deposit represented the proceeds of a transaction relating to real estate owned by Zamani in Bend, Oregon, and offered to provide supporting documentation of this transaction to the Department.

26. Zamani's Attorney subsequently provided to the Department a Chase Bank deposit receipt, dated April 27, 2017, for $300,329.12, as well as a NextTitle Escrow document,
Declaration of Frank M. Najar  
Page 5  
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

PDX Law Group, P.C.  
121 SW Morrison, Suite 1520  
Portland, OR 97204  
PH 503.546.0141  FAX 503.536.6843

dated April 21, 2017, detailing a cash-out home equity loan obtained in the same amount by Adult Care Search on a property that was located at 135 E Telima Ln, Bend, OR 97701 (the "Bend Property").

27. Public property records relating to the Bend property show that it was purportedly transferred from Torres to Adult Care Search on February 15, 2017. The transfer was achieved through a quit claim deed that was executed by Ali Zamanizadeh as Attorney in Fact for Angela Torres.

28. As mentioned in Paragraph 20 above, bank records subsequently obtained by the Department show that in the space of less than three months, from May 3, 2017 to July 27, 2017, Zamani transferred $199,700 of the $300,329.12 in loan proceeds from Adult Care Search's Chase Bank account into his for-profit corporation's bank account. It is not known to the Department how much of that money remains today in any of Zamani's known bank accounts.

///

///

///

///

///

///

///

///

///

///

///

Declaration of Frank M. Najar
Page 6
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

PDX Law Group, P.C.
121 SW Morrison, Suite 1520
Portland, OR 97204
PH 503.546.0141  FAX 503.536.6843

29. In summary, a total of $590,329.12 originating from Angela Torres's funds and real property (cashier's check, incoming wire, and cash-out equity loan) were deposited into Adult Care Search bank account *6923 between February 2014 and July 2017. Thus, approximately 86% of all the funds that were deposited into the nonprofit Adult Care Search's bank account during this period came from Torres. Moreover, it appears that the money taken from Torres was used by Zamani solely for his own personal benefit and not for any observable or documented charitable purpose.

I HEARBY DECLARE THAT THE ABOVE STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN THE COURT AND IS SUBJECT TO PENALTY OF PERJURY.

DATED: December 27, 2017.

Frank M. Najar

Declaration of Frank M. Najar
Page 7
*Torres v. Zamanizadeh et al*, no. 3:17-cv-01270-AC

PDX Law Group, P.C.
121 SW Morrison, Suite 1520
Portland, OR 97204
PH 503.546.0141  FAX 503.536.6843