```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON


ANGELA TORRES,                       )
                                     )
                     Plaintiff,      )  No. 3:17-cv-1270-AC
                                     )
              vs.                    )  January 31, 2018
                                     )
ALIREZA ZAMANIZADEH, a/k/a ALI       )  Portland, Oregon
ZAMANI, an individual, and           )
ADULT CARE SEARCH, a foreign         )
non-profit corporation,              )
                                     )
                     Defendants.     )
_____)




                     TRANSCRIPT OF PROCEEDINGS
                        (Status Conference)



              BEFORE THE HONORABLE JOHN V. ACOSTA

          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE





Court Reporter:            Ryan White, RMR, CRR, CSR/CCR
                           United States District Courthouse
                           1000 SW 3rd Avenue, Room 301
                           Portland, Oregon 97204
                           (503) 326-8184
```

```
 1                          APPEARANCES
 2
 3  For the Plaintiff:      PDX LAW GROUP
                            By:  DAVID RICHARDSON
 4                          david@pdxlawgroup.com
                            621 SW Morrison Street, Suite 1200
 5                          Portland, Oregon 97205
                            (503) 546-0141
 6
 7  For the Defendants:     LANDERHOLM, PS
                            By:  TIMOTHY CALDERBANK
 8                          tim.calderbank@landerholm.com
                            805 Broadway Street, Suite 1000
 9                          Vancouver, Washington 98666
                            (360) 696-3312
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    (January 31, 2018; 10:44 a.m.)
 2
                            P R O C E E D I N G S
 3
 4            THE COURT:  Good morning.
 5            All right.  Thank you for being here.
 6            We're on the record in 17-1270.  We're here to talk
 7   about primarily the motion to withdraw that Mr. Calderbank filed
 8   on January 25.  That is docket No. 20 -- sorry -- docket No. 17.
 9            All right.  So it's my practice in the cases assigned
10   to me that when a lawyer files a motion to withdraw or a notice
11   of withdrawal, that I have a realtime status conference to make
12   sure first that the party whose lawyer is withdrawing
13   understands what is going on and what will happen going forward.
14            I also asked you to be here today on relatively short
15   notice because, as you probably know, two days from now you have
16   a status hearing in front of Judge Simon regarding the posture
17   of his temporary restraining order.  So we will talk about the
18   process or procedure about that as well.
19            All right.  Mr. Ali Zamani, you can remain seated.
20   Thank you.  Thank you for the courtesy.
21            Here's -- I'll ask you the questions I always ask a
22   party whose lawyer has asked to withdraw.
23            First, and I know this sounds kind of silly, but you
24   understand that Mr. Calderbank has asked to withdraw as your
25   lawyer; correct?
```

```
 1                MR. ZAMANIZADEH:  Correct.
 2                THE COURT:  All right.  So a couple of other
 3   questions.
 4                Has Mr. Calderbank provided to you all of the file
 5   materials in your case?
 6                MR. ZAMANIZADEH:  Not yet.
 7                THE COURT:  Okay.  Have you and he talked about that?
 8                MR. ZAMANIZADEH:  Your Honor, I sent an e-mail
 9   requesting complete copies of all my file.
10                THE COURT:  All right.
11                MR. ZAMANIZADEH:  And I have not received them yet.
12                THE COURT:  All right.  Mr. Calderbank, is it your
13   intention once you are officially allowed to withdraw from the
14   case that you will provide Mr. Ali Zamani with files of what you
15   have -- copies of what you have in your file?
16                MR. CALDERBANK:  Yes, Your Honor.
17                THE COURT:  Okay.  How soon can you do that after
18   today?
19                MR. CALDERBANK:  Within probably a matter of five
20   business days.
21                THE COURT:  All right.  Thank you.
22                Mr. Ali Zamani, have you made efforts to secure
23   replacement counsel in this case?
24                MR. ZAMANIZADEH:  Yes, Your Honor.  I have -- if I may
25   explain a couple things.
```

1       THE COURT:  Go ahead.

2       MR. ZAMANIZADEH:  This withdrawal is basically dropped
3  on my lap by surprise.  We were in the status of TRO hearing on
4  the 19th, and on Wednesday we were supposed to have a settlement
5  agreement which I had offered a settlement for --

6       THE COURT:  Hang on a minute.  Let me tell you what
7  you can talk to me about and what you should not talk to me
8  about.

9       MR. ZAMANIZADEH:  Okay.

10      THE COURT:  What you should not talk to me about are
11 any discussions you've had with your lawyer, any discussions
12 that the parties have had about settlement.  The case is
13 assigned to me, and in our district the judges who are assigned
14 to cases are generally not made aware of any settlement efforts
15 that the parties -- or specific discussions.

16      You can talk to me about scheduling, you can talk to
17 me about your efforts to secure replacement counsel, you can
18 talk to me about -- because we will be talking about the status
19 conference in front of Judge Simon in two days.  But those other
20 things you shouldn't talk to me about.

21      MR. ZAMANIZADEH:  To answer your question, yes, Your
22 Honor.  I have met several law firms that they were actually
23 waiting for the -- today and possibly of an extension, probably
24 maybe a week or two, for them to get basically ready for
25 the -- getting the file and reviewing the case.

1       THE COURT:  All right.  Do you expect, then, to be
2  able to retain replacement counsel in the next five to
3  seven days?
4       MR. ZAMANIZADEH:  Yes, Your Honor.
5       THE COURT:  All right.  So Mr. Calderbank, I'm
6  granting your motion to withdraw, even though you styled it as a
7  notice.  Within five business days from today -- today is
8  January 31st -- you will provide either Mr. Ali Zamani or his
9  new lawyer with copies of all file materials in your possession
10 regarding the case.
11      MR. CALDERBANK:  Yes, Your Honor.
12      THE COURT:  Thank you.
13      All right.  Let's move on to -- let's move on to the
14 status conference before Judge Simon which currently is
15 scheduled, I believe, for 2:00 on Friday -- 3:00 on Friday in
16 Judge Simon's courtroom.
17      My understanding is that the purpose of the 3:00
18 status conference is to simply review the status of his
19 temporary restraining order, and I will assume, even though I
20 don't know for sure, to talk to the parties about whether there
21 are any problems with the TRO, its implementation, or whether it
22 needs to be modified or vacated.  All of those discussions are
23 discussions you will have with Judge Simon because it is his
24 order.
25      Here's my question to -- Mr. Ali Zamani, to you, and

1  Mr. Richardson, to you on behalf of Ms. Torres:  Given that
2  Mr. Ali Zamani's lawyer has withdrawn and he will be retaining
3  new counsel within the next week, do you believe that the status
4  conference currently scheduled for Friday at 3:00 can go forward
5  or, instead, do you believe it should be rescheduled to a later
6  date and time?
7           Mr. Richardson, why don't you tell me your thoughts
8  first.
9           MR. RICHARDSON:  Good morning, Your Honor.
10          Well, two issues.  One is that I leave next Wednesday
11 for Costa Rica for a month.  That fact was communicated on the
12 record at the hearing a week and a half ago which is why we
13 wanted to get this meeting on Friday before I left town.
14          THE COURT:  Okay.
15          MR. RICHARDSON:  I'm also a little confused in that I
16 thought the understanding was that we were just setting over the
17 hearing for the -- whether or not -- the show cause hearing,
18 whether the temporary restraining order should be made into a
19 preliminary injunction, and that it wasn't just a status
20 conference.
21          THE COURT:  I'm going only -- I'm going by what is
22 showing in the electronic file.  So it may be that there's a
23 more specific purpose for Friday's meeting with Judge Simon.
24          What happens on Friday is not so much my concern as
25 the timing of it, and that's -- as I said at the beginning,

1  that's why I set this status conference to occur before Friday
2  so that Judge Simon would have an idea of whether the parties
3  believe that his hearing should go forward or whether the
4  parties believe there should be a postponement of that hearing.
5           Ultimately it's his decision, of course, but I
6  indicated to him I would report to him what I learned from the
7  parties today so that he could make a decision.  And he might
8  want to get everybody on the phone between now and Friday, or he
9  might want you to show up on Friday.  I don't know what he'll
10 decide.
11          So whatever you had talked about being the purpose of
12 the hearing on Friday, you can assume that that is still the
13 purpose of the hearing on Friday and await to hear more from
14 Judge Simon after our hearing this morning.
15          All right.  Mr. Ali Zamani, I'll ask you, based on
16 what you know about the purpose of Friday's hearing and the
17 conversation you've had with the lawyers that you expect to
18 retain, from your standpoint, is it your view that going forward
19 on Friday can still occur or do you think that a postponement is
20 needed?
21          MR. ZAMANIZADEH:  Your Honor, I would request a
22 postponement because my attorney has to be there.  I cannot be
23 there without representation.  And so I would say if
24 Mr. Richardson is going to be gone for his vacation for, what, a
25 week or so, we can set after that?  I would adhere to what the

1  Court requires.
2            THE COURT:  Here's what I'll do.  I'll tell Judge
3  Simon, Mr. Ali Zamani, about the status of your efforts to
4  retain counsel, that you expect to be able to do so within the
5  next week.  I will indicate that you have expressed the opinion
6  that a postponement is appropriate.
7            Mr. Richardson, I will indicate to Judge Simon that
8  you would like to keep the Friday date because of your travel
9  commitment and the length of time you will be out.
10           It will be Judge Simon's decision how to proceed after
11 that, but I will report those things to him.
12           MR. RICHARDSON:  Your Honor, may I say one more thing
13 on the record?
14           THE COURT:  Yes.
15           MR. RICHARDSON:  I just want to say, and of course
16 it's up to Judge Simon, that I feel that my client will be
17 prejudiced in that we were prepared to argue the preliminary
18 injunction show cause hearing.  There was no response filed in
19 the two weeks the defendant was given.
20           I agreed to set it over with the thought that we were
21 going to be making progress.  Instead what we have is a motion
22 to -- for Mr. Calderbank to withdraw from the case.  And now I'm
23 going to be gone for a month.  There's new counsel hired and now
24 they have another bite at the apple.  I think my client is
25 severely prejudiced accordingly.

1          THE COURT:  Obviously Judge Simon has to make the
2    ruling on that.
3          With respect to my granting Mr. Calderbank's
4    withdrawal motion, given -- you may sit.  Thank you.
5          Generally as lawyers, as we generally learn through
6    either law school or continuing legal education seminars about
7    professional responsibility, legal ethics, obligations to
8    client, when a lawyer seeks to withdraw representing a client
9    during a case, first, the lawyer is generally precluded from
10   providing the details of those reasons because of
11   attorney-client confidentiality.
12         I've looked at the statements that appear both in
13   Mr. Calderbank's withdrawal notice as well as his declaration,
14   and it is clear to me that the reasons he has offered are
15   sufficient reasons to justify a motion to withdraw and that his
16   withdrawal should be allowed promptly because, if not, it could
17   put him in a conflict situation with his client, and that
18   includes even requiring him -- and I'm listening to your -- and
19   I've heard your statements about prejudice for the hearing on
20   Friday -- that includes appearing on behalf of the defendant at
21   the Friday hearing.  Given that hearing's significance to the
22   parties in the case and given Mr. Calderbank's representations
23   in his declaration, I believe that he cannot continue to
24   represent the defendant.
25         Next, I won't speak for Judge Simon in how he will

1  proceed on Friday.  It's likely he will require all of you,
2  except perhaps you, Mr. Calderbank, to show up so that he can
3  have a discussion about what to do while we wait for Mr. Ali
4  Zamani's new lawyer to appear and how that affects the
5  continuing effect of the temporary restraining order and
6  arguments that the parties were -- or had intended to present at
7  Friday's hearing.  That will be up to him.
8           I'm confident he will let the parties know sometime
9  between now and close of business today what he intends to do on
10 Friday and whether in fact the hearing on Friday will continue.
11          So that I can pass this along to him, Mr. Richardson,
12 when will you be leaving?
13          MR. RICHARDSON:  I leave next Wednesday, Your Honor.
14 I believe it's the 7th at 6:00 in the evening.
15          It's not impossible -- I have another attorney that
16 I'm working with on this case.  It's not impossible that he
17 could appear on my behalf while I'm gone.  Of course I would
18 need to vet him and make sure that that's acceptable, but maybe
19 that conversation could happen on Friday.
20          THE COURT:  Let me ask you this question.  You've
21 indicated you're going to Costa Rica and you'll be gone for a
22 month?
23          MR. RICHARDSON:  A month, Your Honor.
24          THE COURT:  You're leaving at 7:00 in the evening.  So
25 here's my question:  Is a morning -- let's assume Judge Simon

1   wants to have the hearing, he wants to give Mr. Ali Zamani's new
2   lawyer a chance to appear, and he decides to have the hearing
3   Wednesday morning.  Would you be available to attend Wednesday
4   morning?
5           MR. RICHARDSON:  I would, Your Honor.
6           THE COURT:  All right.  I will tell him that.
7           MR. RICHARDSON:  Thank you.
8           THE COURT:  In the main case, putting aside now the
9   TRO and the temporary -- the preliminary injunction issues, the
10  deadline for discovery has passed.  There is a TRO in place.
11          Mr. Richardson, I'll start with you.
12          I don't recall, other than having the initial Rule 16
13  conference, whether we talked about staying or taking off the
14  docket the deadlines in this case because of the TRO.  Did we do
15  that?  And if we didn't, we need to set some new dates for case
16  management.
17          What are your thoughts?
18          MR. RICHARDSON:  I don't believe that when we had our
19  Rule 16 conference, Your Honor, that the restraining order was
20  discussed.  I was still waiting for the declaration from the DOJ
21  at that point and I didn't want to tip our hand.
22          But I do think that the deadlines need to be changed.
23  We have a lot of subpoenas -- subpoenas we're sitting on.
24  Because of the possible settlement discussion that happened two
25  weeks ago where there was a possibility of a voluntary document

1  dump, we've been sitting on those waiting to see how that
2  happened.  But at this point I was just waiting for
3  Mr. Calderbank's withdrawal motion to be heard before we submit
4  all those subpoenas.
5         But I would definitely urge the Court that, you know,
6  I do think that a change in the deadline is necessary in this
7  case and warranted.
8         THE COURT:  Well, I agree with that, particularly
9  since Mr. Ali Zamani will now have a new lawyer who will need to
10 get up to speed to complete that process.
11        The case was filed August 15, 2017.  Here's what I'll
12 do.  Today is January 31.  I'm going to extend the deadlines for
13 the close of discovery to Thursday, May 31, 2018.  The
14 alternative dispute resolution report will be due that same
15 date.
16        Mr. Ali Zamani, these dates will appear in the case
17 file later today.  Your lawyer will know how to access our
18 electronic file.  All he needs is the case number and all these
19 dates will be in there.  So you can write things down if you
20 wish, but you don't need to.
21        So discovery close and the alternative dispute
22 resolution report are due Thursday, May 31st.  Any dispositive
23 motions will be due Friday, June 29th.  I will defer the filing
24 of a pretrial order.
25        Mr. Richardson, based on what you know at this time,

1  do you believe there will be, on behalf of the plaintiff, any
2  experts?
3              MR. RICHARDSON:  I believe -- actually I believe there
4  will not be, Your Honor.  And I believe that's the same
5  representation that was made at the Rule 16.
6              THE COURT:  Here's what I'll do.  I'm not going to set
7  dates for expert disclosures and discovery.  But no later than
8  the close of fact discovery, if the parties, or either of them,
9  intend to retain expert witnesses, you will need to notify the
10 court so we can talk about scheduling of expert discovery.
11             So May 31 is also the date by which the parties should
12 notify the Court if they intend to hire experts.  Otherwise, I
13 am setting no expert disclosure deadline.
14             I will tell you this.  If either or both parties
15 intend or notify the Court or each other after May 31 that they
16 wish to retain or will be using experts, I won't allow that
17 without a hearing.  We'll have to have that heard because of
18 course that delayed notification, and depending on the length of
19 delay, could cause prejudice to one or both sides.
20             So no sandbagging is the message.
21             All right.  I will report to Judge Simon what I've
22 learned from all of you today.
23             But before we adjourn, Mr. Richardson, is there
24 anything else we should take up?
25             MR. RICHARDSON:  I don't believe so, Your Honor.

```
 1            THE COURT:  All right.  Mr. Calderbank, can you think
 2   of anything else we should cover?
 3            MR. CALDERBANK:  No, Your Honor.
 4            THE COURT:  Mr. Ali Zamani, anything else we should
 5   take --
 6            MR. ZAMANIZADEH:  Your Honor, two points I would like
 7   to have on the record, if I may.
 8            THE COURT:  Go ahead.
 9            MR. ZAMANIZADEH:  One is that on the last TRO hearing
10   that -- it was extended, we were before the settlement meeting
11   between the parties which Mr. Richardson canceled it, it wasn't
12   from our point that it was canceled.  That's number one.
13            Number two is that I would request the Court -- I
14   understand that Mr. Calderbank has decided to withdraw, and
15   granted.  However, I do request that the declaration to be
16   either modified or to be vacated from the case because there is
17   some prejudice in there that I don't believe is correct and true
18   fact.  However, I adhere to whatever the Court says.
19            THE COURT:  Here's what I'll do.  Mr. Richardson
20   obviously already has seen the declaration and the notice.
21            To use a common saying, Mr. Ali Zamani, I can't
22   un-ring a bell.  It's been filed, it's been seen.  But I can
23   do the next best thing, and it might not be close to the first
24   option, but I will order that Mr. Calderbank's notice and
25   declaration be placed under seal.  And what that means is only
```

1  the participants in the case, the parties and their lawyers,
2  will have access to it.
3              MR. ZAMANIZADEH:  Thank you, Your Honor.
4              THE COURT:  Now, on your first point, let me give you
5  some general information about settling cases.
6              Parties are free to settle their case if they wish to.
7  You're not required to settle your case.  You can talk about
8  settlement any time you want during the course of a case.  In
9  fact, the very first case that I presided over trial of as a
10 judge settled after the whole case had been tried to the jury
11 but before the lawyers delivered their closing arguments.  And
12 you can even settle cases while the appeal is pending or even
13 after an appeal has been decided.
14             So there's no time constraint and there's no limit or
15 waiting period for the parties to discuss settlement -- have
16 settlement discussions.  And even if initial settlement
17 discussions are not successful, that does not prevent the
18 parties from renewing those settlement discussions later.
19             Next, our local rules allow a judge on the judge's own
20 initiative to order the parties to attend a mediated settlement
21 discussion.  Some judges do that; I do not.  The reason I don't
22 is because, in my experience as a lawyer and now as a judge, if
23 you order the parties to attend a settlement conference, they
24 usually show up in a pretty bad mood anyway because they're
25 being told to be there when they may not want to be there and

1  those discussions are usually not productive.
2          So I will not order the parties to attend any
3  settlement conference or mediation or to even have settlement
4  discussions.  You may if you wish.
5          Next, the effect of the parties' intent to have a
6  settlement conference or mediation and then, however it
7  happened, its cancellation, the effect on Judge Simon's TRO and
8  his assessment whether the temporary restraining order should
9  remain in place is a decision he'll have to make.
10         MR. ZAMANIZADEH:  I understand.
11         THE COURT:  You can address that with him on Friday if
12 there is a hearing on Friday, or at a later time as might be
13 appropriate.
14         Mr. Ali Zamani, do you have any questions about what
15 I've said?
16         MR. ZAMANIZADEH:  No, Your Honor.  Thank you.
17         THE COURT:  All right.  Mr. Richardson, anything else?
18         MR. RICHARDSON:  No, Your Honor.
19         THE COURT:  Mr. Calderbank?
20         MR. CALDERBANK:  No, Your Honor.
21         THE COURT:  All right.  Thank you very much for being
22 here this morning on somewhat short notice.  I appreciate it.
23         With that, we are adjourned.
24
25      (The proceedings concluded at 11:06 a.m.)

```
 1                       C E R T I F I C A T E
 2
 3         I certify, by signing below, that the foregoing is a
 4   true and correct transcript of the record, taken by stenographic
 5   means, of the proceedings in the above-titled cause.  A
 6   transcript without an original signature, conformed signature,
 7   or digitally signed signature is not certified.
 8
 9         DATED this 20th day of February, 2018.
10
11
12                                  _____
                                    RYAN WHITE
13                                  Registered Merit Reporter
                                    Certified Realtime Reporter
14                                  Expires 9/30/2019
                                    Washington CCR No. 3220
15                                  Expires 10/25/2018
                                    Oregon CSR No. 10-0419
16                                  Expires 12/31/2020
17
18
19
20
21
22
23
24
25
```