IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

COUNTY OF CLARK

| | |
|---|---|
| ANGELA TORRES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH, a/k/a ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>Defendants. | Case No. 17-2 00426-3<br><br>**COMPLAINT**<br><br>(Fraud; Unjust enrichment)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by and through her attorneys, PDX Law Group, P.C., hereby allege:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over the parties to this complaint because the real property at issue is situated in Clark County, Washington; the Plaintiff resides in Clark County, Washington; and Defendants conduct caused harm suffered by Plaintiff in Clark County, Washington.

///

///

EXHIBIT 1
PAGE 1 OF 16

Page - 1 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141 - Fax (503) 536-6843

## PARTIES

2.

Plaintiff is an individual residing in Clark County, Washington.

3.

Upon information and belief, at all times mentioned herein, Defendant Alireza Zamanizadeh, also known as Ali Zamani, ("Defendant Zamani") was and is an individual residing in Multnomah County, Oregon. Defendant Zamani maintains dual American and Iranian citizenship and is the principal shareholder and president of Defendant Adult Care Search.

4.

Upon information and belief, at all times mentioned herein, Defendant Adult Care Search ("Defendant ACS") was and is a non-profit corporation formed under the laws of the State of Oregon with a principal place of business in Multnomah County, Oregon. Plaintiff cannot determine whether Defendant ACS is registered to conduct business in the State of Washington.

## GENERAL ALLEGATIONS

5.

Plaintiff seeks relief against Defendants to make right Defendants' fraudulent conduct perpetrated against her. Defendant Zamani engaged Plaintiff in a romantic relationship with the ulterior motive of defrauding her of assets. Defendant Zamani took advantage of Plaintiff, a mother separated from her spouse for seven years and considering divorce. Defendant Zamani used the confidence he had built up between them to convince Plaintiff to transfer to him and/or to his company, Defendant ACS, substantial assets, under the pretense of protecting them from any interest that might be asserted against them by Plaintiff's then-spouse in the divorce proceedings.

Page - 2 – COMPLAINT

EXHIBIT 1
PAGE 2 OF 18
PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

1  Defendant Zamani asserted, promised, and agreed that any such transfers of Plaintiff's assets to him
2  or to Defendant ACS was for Plaintiff's benefit and would only be temporary. Defendant Zamani
3  asserted, promised, and agreed that all such assets received from Plaintiff would be returned to her
4  upon finalization of her divorce. It is now clear that Defendants intended from the outset never to
5  return such assets received from Plaintiff, and to continue to wrongfully withhold them from her.
6  To the extent possible, Plaintiff seeks to recover her property from Defendants, along with an award
7  of money damages to compensate her for the value of property that is not recoverable.

8                                      6.

9  Plaintiff and Defendant Zamani met in late May 2016. Shortly thereafter, they became
10 romantically involved and physically intimate. The relationship continued in this way until
11 Defendant Zamani travelled to his native Iran on or about September 2, 2017.

12                                     7.

13 At the time she met Defendant Zamani, Plaintiff had been informally separated from her
14 husband for approximately seven years and considered divorce. Defendant Zamani urged her to
15 initiate divorce proceedings and offered to support her emotionally during such proceedings. He
16 also suggested that he could provide physical protection to Plaintiff and her children.

17                                     8.

18 Defendant Zamani convinced Plaintiff that her personal assets put her at great financial risk
19 in the divorce and urged her to protect those assets by transferring them to Defendant ACS.
20 Defendant Zamani assured Plaintiff his only interest was in protecting her and that the assets would
21 not be used or diminished by him or Defendant ACS and would be returned once her divorce was
22 complete.
23 ///

24
25

Page - 3 – COMPLAINT

EXHIBIT 1
PAGE 3 OF 16

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

9.

Pursuant to Defendant Zamani's instruction and upon his assurances, Plaintiff did transfer substantial assets to Defendant ACS. On or about June 13, 2016, Plaintiff withdrew $70,000 from an IRA account and deposited the funds into a Chase bank checking account belonging to Defendant Zamani and/or Defendant ACS. On or about June 14, 2016, Plaintiff executed a quit claim deed, transferring her house and real property at 779 W Chestnut St, in Washougal, Washington (the "Property"), to Defendant ACS. On or about June 17, 2016, Plaintiff transferred $220,000 from a Roth IRA account into the same Chase bank checking account belonging to Defendant Zamani and/or Defendant ACS.

10.

In August 2016, Defendant Zamani asked Plaintiff to obtain a $60,000 home equity line of credit against the Property from her bank because he needed an influx of capital to maintain Defendant ACS. Plaintiff applied for such a line of credit at her regular bank and other banks but was unsuccessful due to a recent employment change and the fact that she no longer was record owner of the Property. Caring for Defendant Zamani and knowing how important maintaining his business interests was to him, Plaintiff agreed to allow Defendant Zamani and/or Defendant ACS to use funds from her retirement accounts that had been transferred in June in order to shield them in the divorce.

11.

On information and belief, on or about September 15, 2016, Defendant Zamani, while in Iran and intending to assuage any doubts Plaintiff might have regarding his financial state and ability to reconvey the above property and funds to Plaintiff, Defendant Zamani sent Plaintiff photos of properties in Iran he claims to own, representing that they were listed for sale for amounts

Page - 4 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON PAGE 1520
PORTLAND, OR 97204
(503) 546-0141 - Fax (503) 536-6843

EXHIBIT 1
PAGE 1 OF 16

1  totaling $14,500,000. Defendant Zamani also represented to Plaintiff that he had just entered into a
2  transaction worth $27,000,000 to him and/or Defendant ACS.

12.

4  In September 2016, while in Iran, Defendant Zaman requested Plaintiff's assistance with
5  business dealings in the Portland metro area, including assistance with the purchase of hundreds of
6  wave runners to ship to Iran for Defendant Zamani and/or Defendant ACS. Because Defendant
7  Zamani was in Iran, he asked Plaintiff to advance him $13,000 via cashier's check from her bank,
8  which she did, and Plaintiff personally delivered the cashier's check to Joan Tajadod who
9  presumably then sent the money to Defendant Zamani.

13.

11  In addition to the Property, Plaintiff transferred a total of $313,000 to Defendant Zamani
12  and/or Defendant ACS (the "Funds").

14.

14  On or about November 30, 2016, Defendant Zamani returned from Iran. While he
15  continued to communicate with Plaintiff via telephone, text, and email, and continued to refer to her
16  in loving terms, he became evasive and withdrawn whenever Plaintiff would raise the subject of the
17  Property or the Funds.

15.

19  Previously unbeknownst to her, Plaintiff learned in December 2016, that at approximately
20  the same time she and Defendant Zamani became romantically involved, he had begun cohabitating
21  with another woman, with whom he had already been romantically involved. Defendant Zamani
22  had no intention of entering into a romantic relationship with Plaintiff. The sole purpose of
23  Defendant Zamani's relationship with Plaintiff was to induce her to transfer her substantial assets to

Page - 5 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
PAGE 5 OF 16

him or to Defendant ACS, namely the Property and the Funds, with no intention of reconveying them back to her after her divorce was complete.

16.

Plaintiff's divorce was completed in December 2016. During the divorce process, Plaintiff's divorce attorney informed her that the assets transferred to Defendants were not at risk and such assets were fully disclosed during the divorce proceedings. Despite repeated requests, Defendant Zamani and Defendant ACS have not reconveyed the Property and the Funds to Plaintiff.

## FIRST CLAIM FOR RELIEF

## FRAUD

17.

Plaintiff re-alleges paragraphs 1 through 15, above, as if fully stated here.

18.

By representing to Plaintiff that he and Defendant ACS would protect the Property and the Funds for Plaintiff and would reconvey the same to her again after her divorce was complete, Defendant Zamani, individually and for Defendant ACS, made representations of fact to Plaintiff.

19.

Defendant Zamani's representations were material to Plaintiff's decision whether or not to transfer the Property and the Funds to Defendant Zamani and/or Defendant ACS. Plaintiff never intended the transfers to be permanent and would not have made them if she had been informed she would not receive the property back.

20.

Defendant Zamani's representations were false when made.

Page - 6 – COMPLAINT

Page Law Group PC.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

EXHIBIT 1
PAGE 6 OF 16

21.

Defendant Zamani knew of the falsity of his representations when made.

22.

Defendant Zamani intended that his representations be acted upon by Plaintiff by transferring the Property and the Funds to him and/or Defendant ACS.

23.

Plaintiff was ignorant of the falsity of Defendant Zamani's representations.

24.

Plaintiff relied on the truth of Defendant Zamani's representations.

25.

Plaintiff was entitled to so rely on the truth of Defendant Zamani's representations.

26.

By acting to her detriment upon Defendant Zamani's representations, Plaintiff has been damaged in the amount of $311,583 (or other amount to be proven at trial) and loss of the Property, which she seeks to be returned to her, or, as the Property is valued at $573,000, a total of $884,583 (or other amount to be proven at trial).

In the alternative to Plaintiff's FIRST claim for relief,

## SECOND CLAIM FOR RELIEF

## UNJUST ENRICHMENT

27.

Plaintiff re-alleges paragraphs 1 through 15, above, as if fully stated here.

///

EXHIBIT 1
PAGE 7 OF 16

Page - 7 – COMPLAINT

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

28.

Plaintiff transferred the Property and the Funds to Defendant Zamani and/or Defendant ACS for their benefit and with their knowledge.

29.

Under the circumstances, Defendant Zamani and Defendant ACS knew or should reasonably have known that Plaintiff expected the Property and the Funds to be returned to her upon completion of her divorce.

30.

If not made to return the Property and the Funds to Plaintiff, Defendant Zamani and/or Defendant ACS would be unjustly enriched by possession of the Property, which she seeks to be returned to her, and in the amount of $311,583 (or other amount to be proven at trial), or, as the Property is valued at $573,000, a total of $884,583 (or other amount to be proven at trial).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for the following relief:

A. For Plaintiff's FIRST or SECOND claim for relief, Plaintiff seeks:

    i. Declaratory relief vesting title to the Property, and all appurtenant use and ownership rights, with Plaintiff alone, free of all encumbrances of Defendants, their successors, or assigns;

    ii. Injunctive relief requiring Defendants to execute a quitclaim deed, transferring legal record title to the Property to Plaintiff, or, failing such, allowing Plaintiff to record a copy of such judgment in the deed records of Clark County, Washington, to effectuate such transfer; and,

EXHIBIT 1
PAGE 9 OF 18

iii. Money damages in the amount of $311,583, owed to Plaintiff by Defendants, jointly and severally.

B. Or, alternatively, for Plaintiff's FIRST or SECOND claim for relief, Plaintiff seeks:

i. Money damages in the amount of $884,583, owed to Plaintiff by Defendants, jointly and severally.

C. Any additional relief this Court deems just and proper.

DATED this 20th day of February, 2017

David Richardson, WSBA# 41777
david@pdxlawgroup.com
Attorney for ANGELA TORRES

Page - 9 – COMPLAINT

EXHIBIT 1
PAGE 10 OF 18

PDX Law Group, P.C.
121 SW MORRISON, SUITE 1520
PORTLAND, OR 97204
(503) 546-0141- Fax (503) 536-6843

Timothy J. Calderbank, OSB#972242
Landerholm, P.S.
805 Broadway Street, Suite 1000
Vancouver, WA 98660
Telephone: (360) 696-3312
Facsimile: (360) 696-2122
E-mail: timothy.calderbank@landerholm.com
  Of Attorneys for Defendants
  Alireza Zamanizadeah, a/k/a Ali
  Zamani and Adult Care Search

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| ANGELA TORRES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALIREZA ZAMANIZADEH, a/k/a ALI ZAMANI, an individual, and ADULT CARE SEARCH, a foreign non-profit corporation,<br><br>Defendants. | Case No. 3:17-cv-01270-AC<br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL UNDER FRCP 38** |

For its Answer and Affirmative Defenses to the Complaint of Plaintiff, Angela Torres (hereinafter referred to as "Plaintiff"), Defendants Alireza Zamanizadeh a/k/a Ali Zamani and Adult Care Search (hereinafter referred to as "Defendants"), by and through its attorneys Timothy J. Calderbank of Landerholm, P.S., admits, denies and alleges as follows:

### JURISDICTION AND VENUE

1.

Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 1
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
PAGE 1 OF 18

## PARTIES

2.

Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

5.

Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendants admit that Plaintiff was eager to initiate and continue a romantic relationship with Defendant Zamani, but that he mostly rebuffed such advances.

7.

Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 2
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
PAGE 12 OF 16

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants admit they shared property photos with Plaintiff but deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendants admit / deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit Defendant Zamani returned from Iran and deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint and are otherwise without sufficient information to form a belief.

///
///
///
///
///

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 3
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
PAGE 13 OF 16

# FIRST CLAIM FOR RELIEF
## FRAUD

17.

Defendants answer paragraphs 1 through 16 of Plaintiff's Complaint by re-alleging – and incorporating herein by this reference – the admissions, denials, and affirmative allegations set forth above.

18.

Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

///

///

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 4
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
PAGE 14 OF 18

24.

Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

27.

Defendants answer paragraphs 1 through 26 of Plaintiff's Complaint by re-alleging – and incorporating herein by this reference – the admissions, denials, and affirmative allegations set forth above.

28.

Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

All allegations not expressly admitted are denied.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 5
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122



EXHIBIT 1
PAGE 5 OF 16

FURTHER ANSWERING PLAINTIFF'S COMPLAINT AND BY WAY OF AFFIRMATIVE DEFENSES, Defendants Alireza Zamanizadeh, a/k/a Ali Zamani and Adult Care Search alleges:

### AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Defendants Alireza Zamanizadeh, a/k/a Ali Zamani and Adult Care Search allege as follows:

1.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff has failed to allege sufficient facts to state claims for which relief may be granted.

2.

**SECOND AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

The damages at issue in this matter, if any, were caused, in whole or in part, by the negligence of Plaintiff and/or by those for whom Plaintiff is responsible.

3.

**THIRD AFFIRMATIVE DEFENSE**
**(Fault of Others)**

The damages at issue in this matter, if any, were caused in whole or in part, by the fault of others.

4.

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel/Waiver)**

By its acts and omissions, Plaintiff has, in whole or in part, waived its right to assert claims, or are estopped from asserting claims, in this matter.

///

///

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 6
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broad Street, Suite
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
PAGE 16 OF 18
16-18

5.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff failed to take all reasonable and necessary steps to mitigate the damages at issue in this matter.

6.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is barred from asserting claims against Defendants under the doctrine of unclean hands.

Defendants reserve the right to amend this Answer and Affirmative Defenses to conform to the evidence.

## FIRST COUNTERCLAIM
### (Negligence)

7.

Plaintiff was aware that Defendant Zamani was conducting sensitive business matters in the Republic of Iran. She was aware that his communications were being monitored while he was in the Republic of Iran, and Defendant Zamani instructed Plaintiff not to contact him while he was there and to not discuss certain matters as such communications were monitored by the State.

Plaintiff was aware that if she communicated with Defendant Zamani while he was in the Republic of Iran the security forces would use such communications as a pretext for detaining Defendant Zamani and demand a "ransom" for his release.

8.

Plaintiff owed Defendant a duty to take or not take reasonable actions to not endanger Defendant Zamani's person or property and did breach said duties by directly

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 7
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT 1
PAGE 10 OF 16

contacting the Defendant while he was in Iran and by discussing certain matters while knowingly under surveillance.

9.

It was reasonably foreseeable that such actions and omissions by Plaintiff would result in harm or property damages to Defendant Zamani. As a direct and proximate result of Plaintiff's negligence, Defendants have incurred damages to be proven at trial, but in an amount not less than $650,000.00.

## SECOND COUNTERCLAIM
(Attorneys' Fees)

10.

As a prevailing party, Defendants are entitled to an award of their expert and attorneys' fees and costs pursuant to the applicable terms of any contract between the parties and/or pursuant to statute and/or under principles of common law indemnity.

HAVING FULLY and ADEQUATELY answered Plaintiff's Complaint, and raised their affirmative defenses and counterclaims, Defendants pray for the following relief:

A. Plaintiff's Complaint be dismissed with prejudice.

B. For a judgment in their favor on the above noted counterclaims.

C. For an award of Defendants' attorneys' fees, costs and disbursements incurred herein.

D. For such further and other relief as the Court deems just and equitable.

DATED this 21st day of September, 2017.

LANDERHOLM, P.S.

/s/ Timothy J. Calderbank
TIMOTHY J. CALDERBANK, OSB #45682
Of Attorneys for Defendants

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 8
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT
PAGE 17 OF 18

# CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing Click Here and Type with the Clerk of the Court for the United States District Court, District of Oregon, by using the CM/ECF system on 21st day of September, namely to:

David W. Richardson
PDX Law Group, P.C.
121 SW Morrison St, Suite 1520
Portland, OR 97204

Signed at Vancouver, Washington this 21st day of September, 2017.

/s/ Timothy J. Calderbank
TIMOTHY J. CALDERBANK, OSB #45682

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 9
ZAMA01-000001- 2504346_1.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

EXHIBIT
PAGE 18 OF