Case 3:17-cv-01270-AR  Document 136-2  Filed 03/23/22  Page 1 of 12

**From:** "Jamie S. Kilberg" <jamie@kauffmankilberg.com>
**Date:** Wednesday, July 21, 2021 at 3:43 PM
**To:** Sean Glinka <SGlinka@portlaw.com>
**Cc:** Nick Henderson <nhenderson@portlaw.com>
**Subject:** Re: Quit Claim Deed for Washougal Property

Sean,

See attached.

Just to clarify, as perhaps you are unaware, Mr. Zamani had nothing to do with the 2016 excise tax affidavit. That is not his signature. Indeed, he was quite surprised to learn recently from the Treasurer's office that the grantee's signature was needed, because he never signed anything in 2016. Mr. Zamani never tried to classify the original transaction as a gift. Until yesterday, he didn't even know what a WAC code was. Your client forged that signature and filed that document on her own, and claimed it herself as a gift.

JAMIE S. KILBERG
**KAUFFMAN KILBERG LLC** | 1050 SW Sixth Avenue, Suite 1414 | Portland, OR 97204
Tel: 503.224.2595 | Direct: 503.224.2846 | Fax: 503.224.3203
jamie@kauffmankilberg.com | www.kauffmankilberg.com

EXHIBIT 2
PAGE 1 OF 11

 

**13 Messages**

**Quit Claim Deed for Wa...**

**From:** Sean Glinka <SGlinka@portlaw.com>
**Date:** Wednesday, July 21, 2021 at 9:32 AM
**To:** "Jamie S. Kilberg" <jamie@kauffmankilberg.com>
**Cc:** Nick Henderson <nhenderson@portlaw.com>
**Subject:** RE: Quit Claim Deed for Washougal Property

Jamie,

Please copy Nick Henderson on any further correspondence as we requested on June 17.

The rescission of sale exemption under WAC 458-61A-209 or exiting title under WAC 458-61A-215 are the most apt exemptions.

The transaction is not a gift and WAC 458-61A-201 does not apply. Mr. Zamani's attempt to classify the initial transfer as a gift resulted in an audit by the Washington Department of Revenue. *See* Attached Documents.

Please review the excise tax form and provide us with the information needed from Mr. Zamani. We will prepare the form and send it to our client for execution. When it is returned, we will forward it to you for filing.

Thank you,

Sean

EXHIBIT 2
PAGE 2 OF 11

   

**From:** "Jamie S. Kilberg" <jamie@kauffmankilberg.com>
**Date:** Wednesday, July 21, 2021 at 3:43 PM
**To:** Sean Glinka <SGlinka@portlaw.com>
**Cc:** Nick Henderson <nhenderson@portlaw.com>
**Subject:** Re: Quit Claim Deed for Washougal Property

Sean,

See attached.

Just to clarify, as perhaps you are unaware, Mr. Zamani had nothing to do with the 2016 excise tax affidavit. That is not his signature. Indeed, he was quite surprised to learn recently from the Treasurer's office that the grantee's signature was needed, because he never signed anything in 2016. Mr. Zamani never tried to classify the original transaction as a gift. Until yesterday, he didn't even know what a WAC code was. Your client forged that signature and filed that document on her own, and claimed it herself as a gift.

JAMIE S. KILBERG

**KAUFFMAN KILBERG LLC** | 1050 SW Sixth Avenue, Suite 1414 | Portland, OR 97204
Tel: 503.224.2595 | Direct: 503.224.2846 | Fax: 503.224.3203
jamie@kauffmankilberg.com | www.kauffmankilberg.com

EXHIBIT 2
PAGE 3 OF 11

**Jamie Kilberg**     7/21/21
To: Ali Zamani >

Well, now we know how your "signature" got on the original excise tax document.

In his email below, Sean tries to accuse you of selecting a WAC code (gift) that resulted in her getting audited. And in support of that accusation, he attached the original excise tax affidavit, which is the first time I've seen it (and I imagine you, too). I am attaching it for you.

It is so obviously her handwriting. Obviously not your signature. And look at the "6-14-16" date that appears three times on the document (once at the WAC code section and twice in the signature blocks). They're identical; she obviously got herself audited. And forged your signature.

Bottom line is that I have given him the correct information for the document and he will get Torres to sign it and then get it back to us.

JAMIE S. KILBERG
**KAUFFMAN KILBERG LLC** | 1050 SW Sixth Avenue, Suite 1414 | Portland, OR 97204
Tel: 503.224.2595 | Direct: 503.224.2846 | Fax: 503.224.3203
jamie@kauffmankilberg.com |
www.kauffmankilberg.com

EXHIBIT 2
PAGE 4 OF 11

**From:** Sean Glinka <SGlinka@portlaw.com>
**Date:** Wednesday, July 21, 2021 at 9:32 AM
**To:** "Jamie S. Kilberg" <jamie@kauffmankilberg.com>
**Cc:** Nick Henderson <nhenderson@portlaw.com>
**Subject:** RE: Quit Claim Deed for Washougal Property

Jamie,

Please copy Nick Henderson on any further correspondence as we requested on June 17.

The rescission of sale exemption under WAC 458-61A-209 or exiting title under WAC 458-61A-215 are the most apt exemptions.

The transaction is not a gift and WAC 458-61A-201 does not apply. Mr. Zamani's attempt to classify the initial transfer as a gift resulted in an audit by the Washington Department of Revenue. *See* Attached Documents.

Please review the excise tax form and provide us with the information needed from Mr. Zamani. We will prepare the form and send it to our client for execution. When it is returned, we will forward it to you for filing.

Thank you,

Sean

EXHIBIT 2
PAGE 5 OF 11

**From:** Jamie Kilberg [mailto:jamie@kauffmankilberg.com]
**Sent:** Tuesday, July 20, 2021 5:08 PM
**To:** Sean Glinka <SGlinka@portlaw.com>
**Subject:** Quit Claim Deed for Washougal Property

Sean,

As you know, I have been working with Mr. Zamani in my capacity as his criminal defense attorney to get the quit claim deed he previously executed in June (and re-executed in early July) recorded in Clark County. To fully resolve this, it seems, we need information from you and your client.

While the county rejected his first attempt for a variety of reasons, the real hang up has related to the excise tax affidavit. (The issue with the margins does not prevent a deed from being recorded, it just means he has to pay an extra $50 for a non-standard recording.) He has been back four different times in an attempt to get the documents properly recorded. He gets different advice each time. His most recent attempt resulted in a person from the Treasurer's office highlighting each of the issues that needed to be addressed, and we believe they now have been, except one.

The form requires the grantor to identify the Washington Administrative Code provision that exempts the transaction from taxation. Along with the WAC number, a reason has to be given on the form. The relevant Chapter of the WAC is 458-61A.

EXHIBIT 2
PAGE 6 OF 11

exempts the transaction from taxation. Along with the WAC number, a reason has to be given on the form. The relevant Chapter of the WAC is 458-61A. Sections 201 - 219 list the possible exemptions. My review suggests that the proper exemption is one of the following three:

- 458-61A-201: Gift. This applies to a "transfer for which there is no consideration given in return for granting an interest in the property." That seems to be the case here in the sense that the grantee is not giving any consideration to the grantor. On the other hand, Mr. Zamani is doing this as part of his resolution of the criminal matter and, in that sense, is getting some consideration for it, even if not from the grantee.

    **Note**: If it is properly identified as a "gift," WAC 458-61A-201(5) requires a "supplemental statement approved by the department" that "attest[s] to the existence or absence of underlying debt on the property, whether the grantee has or will in the future make any payments on the debt, and whether a refinance of debt has occurred or is planned to occur." That statement "<u>must be signed by both the grantor and the grantee</u>."

- 458-61A-209: Rescission of sale. This one is self-explanatory. I could see an argument that because this is attempting to rescind the prior deed, this section applies, even though there has been no "sale" per se. No additional

EXHIBIT 2
PAGE 2 OF 11

deed, this section applies, even though there has been no "sale" per se. No additional documentation appears to be necessary, but this is the most tenuous one.

- 458-61A-215: <u>Clearing title</u>. This applies to "quitclaim deeds given for the sole purpose of clearing title if no consideration passes otherwise." "Clearing title" is not specifically defined, though the examples in the code provision seem to suggest it applies when multiple people are on a title and one or more is being removed, or when there is some potential confusion and it is done to remove an individual's "presumptive interest." I can see an argument that this would be the proper exemption.

    **Note**: If it is properly identified as a transaction for "clearing title," WAC 458-61A-215(3) requires "a narrative that explains the nature of the clearance of, or addition to title." The narrative "<u>must be signed by both grantor and grantee, or agents of either</u>, and attached to the real estate excise tax affidavit."

**In addition**, the County would not record/accept the excise tax affidavit because it was not signed by the grantee (i.e., Ms. Torres).

It seems things need to be done: (1) We need to agree on the proper tax exemption, the reason for which must be included on the form, (2) if required

EXHIBIT 2
PAGE 8 OF 1)

It seems things need to be done: (1) We need to agree on the proper tax exemption, the reason for which must be included on the form, (2) if required (i.e., gift or clearing title), the required document/statement must be drafted and signed by both Mr. Zamani and your client, and (3) your client needs to execute the document. <u>Only then</u> will the document be complete. Because it is in both the grantor's and grantee's interest to get the proper tax exemption, I seek your input on the proper WAC section to use. The gift section does not seem appropriate to me, as it will subject Mr. Zamani to federal gift tax. And we will need to figure out how to get the documents signed by your client.

Please advise as to your thoughts on how to proceed.

JAMIE S. KILBERG

**KAUFFMAN KILBERG LLC** | 1050 SW Sixth Avenue, Suite 1414 | Portland, OR 97204
Tel: 503.224.2595 | Direct: 503.224.2846 | Fax: 503.224.3203
jamie@kauffmankilberg.com | www.kauffmankilberg.com

[Real Estate Excise Tax Affidavit form - Seller/Grantor: Angela Shergill, 779 W. Chestnut St., Washougal WA 98671, 360 831 4477; Buyer/Grantee: Adult Care Search, Inc., 613 SW Elderbrook place, Portland OR 97225, 503 422 3071; Send all property tax correspondence to: Angela Shergill, 779 W. Chestnut St., Washougal WA 98671, 360 831 4477; Parcel account number: 122996 036]

EXHIBIT 2
PAGE 9 OF 11

It seems things need to be done: (1) We need to agree on the proper tax exemption, the reason for which must be included on the form, (2) if required (i.e., gift or clearing title), the required document/statement must be drafted and signed by both Mr. Zamani and your client, and (3) your client needs to execute the document. <u>Only then</u> will the document be complete. Because it is in both the grantor's and grantee's interest to get the proper tax exemption, I seek your input on the proper WAC section to use. The gift section does not seem appropriate to me, as it will subject Mr. Zamani to federal gift tax. And we will need to figure out how to get the documents signed by your client.

Please advise as to your thoughts on how to proceed.

JAMIE S. KILBERG

**KAUFFMAN KILBERG LLC** | 1050 SW Sixth Avenue, Suite 1414 | Portland, OR 97204
Tel: 503.224.2595 | Direct: 503.224.2846 | Fax: 503.224.3203
jamie@kauffmankilberg.com |
www.kauffmankilberg.com

[Real Estate Excise Tax Affidavit form – Washington State Department of Revenue, Chapter 82.45 RCW – Chapter 458-61A WAC]

Seller/Grantor: Angela Shergill, 779 W. Chestnut St., Washougal WA 98671, 360-831-4477
Buyer/Grantee: Adult Care Search, Inc., 613 SW Elderbrook place, Portland OR 97225, 503-422-3071
Send all property tax correspondence to: Angela Shergill, 779 W. Chestnut St., Washougal WA 98671, 360-831-4477
Parcel account: 122996036

EXHIBIT 2
PAGE 10 OF 11

**Department of Revenue, Washington State**

**REAL ESTATE EXCISE TAX AFFIDAVIT**
CHAPTER 82.45 RCW – CHAPTER 458-61A WAC

PLEASE TYPE OR PRINT

This form is your receipt when stamped by cashier.

THIS AFFIDAVIT WILL NOT BE ACCEPTED UNLESS ALL AREAS ON ALL PAGES ARE FULLY COMPLETED
(See back of last page for instructions)

☐ Check box if partial sale of property          If multiple owners, list percentage of ownership next to name.

**SELLER/GRANTOR**
Name: Angela Shergill
Mailing Address: 779 W. Chestnut St.
City/State/Zip: Washougal WA 98671
Phone No.: 360 831 4477

**BUYER/GRANTEE**
Name: Adult Care Search, Ink.
Mailing Address: 613 SW Elderbrook Place
City/State/Zip: Portland OR 97225
Phone No.: 503 422 3071

Send all property tax correspondence to: ☐ Same as Buyer/Grantee
Name: Angela Shergill
Mailing Address: 779 W. Chestnut St.
City/State/Zip: Washougal WA 98671
Phone No.: 360 831 4477

List all real and personal property tax parcel account numbers – check box if personal property
122996036

List assessed value(s): _____

Street address of property: 779 W. Chestnut St. Washougal WA 98671
This property is located in ☐ unincorporated _____ County OR within ☑ city of Washougal

☐ Check box if any of the listed parcels are being segregated from another parcel, are part of a boundary line adjustment or parcels being merged.

Legal description of property:
Coda Ridge Estates Lot 18
Book 311 page 393 - Clark County Washington

Select Land Use Code(s): 11
enter any additional codes: _____

Is this property exempt from property tax per chapter 84.36 RCW (nonprofit organization)? YES ☐ NO ☐

Is this property designated as forest land per chapter 84.33 RCW? YES ☐ NO ☐
Is this property classified as current use (open space, farm and agricultural, or timber) land per chapter 84.34? YES ☐ NO ☐
Is this property receiving special valuation as historical property per chapter 84.26 RCW? YES ☐ NO ☐

List all personal property (tangible and intangible) included in selling price.

If claiming an exemption, list WAC number and reason for exemption:
WAC No. (Section/Subsection): 458-61A-201-B-2
Reason for exemption: Gift without consideration

Type of Document: Quit claim
Date of Document: 6-14-16
Gross Selling Price $ 0
*Personal Property (deduct) $ _____
Exemption Claimed (deduct) $ _____
Taxable Selling Price $ _____
Excise Tax: State $ _____
Local $ _____
*Delinquent Interest: State $ _____
Local $ _____
*Delinquent Penalty $ _____
Subtotal $ _____
*State Technology Fee $ 5.00
*Affidavit Processing Fee $ 5.00
Total Due $ 10.00

A MINIMUM OF $10.00 IS DUE IN FEE(S) AND/OR TAX
*SEE INSTRUCTIONS

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signature of Grantor or Grantor's Agent: _____
Name (print): Angela Shergill
Date & city of signing: 6-14-16 Vancouver WA

Signature of Grantee or Grantee's Agent: Ali Zamani
Name (print): ALI ZAMANI
Date & city of signing: 6-14-16

Perjury: Perjury is a class C felony which is punishable by imprisonment in the state correctional institution for a maximum term of not more than five years, or by a fine in an amount fixed by the court of not more than five thousand dollars ($5,000.00), or by both imprisonment and fine (RCW 9A.20.020 (1C)).

REV 84 0001a (04/30/09)

10.00  Shergill  6/16/16  747481
White copy - Treasurer   Yellow copy - Assessor   Pink - Taxpayer

THIS SPACE - TREASURER'S USE ONLY

EXHIBIT 2
PAGE 11 OF 11

Scanned with CamScanner

## CERTIFICATE OF SERVICE

I CERTIFY THE FOREGOING Defendant's Adult Care Search nd Ali Zamani's defendant Motion for Summary Judgment and Defendants Declaration, complete copies of the originals thereof on this 23th[th] day of March, 2022 served the foregoing on to Plaintiffs attorney Mr. Nicholas J, Henderson to the address listed below by Fax and by US mail on to :

Nicholas J Henderson
Motschenbacher & Blattner LLP
117 SW Taylor Street Suite 300
Portland OR 97204
Fax (503) 417-0528
nhenderson@portlandlaw.com

Ali zamani     Personally
Ali Zamani for Adurl Care Search
613 SW Elderbrook Pl
Portland Or 97225
503 422-3071