IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANGELA TORRES**, an individual, | Case No. 3:17-cv-1270-AR |
| Plaintiff, | **ORDER** |
| v. | |
| **ALIREZA ZAMANIZADEH,** a/k/a **ALI ZAMANI**, an individual, and **ADULT CARE SEARCH**, a foreign non-profit corporation, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeffrey Armistead issued Findings and Recommendation in this case on July 7, 2022. Judge Armistead recommends that this Court deny Defendants' motion for partial summary judgment.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendant Alireza Zamanizadeh, appearing *pro se*, purported to file the motion for partial summary judgment on behalf of himself personally and on behalf of Defendant Adult Care Search (ACS). Mr. Zamanizadeh, however, is not a licensed attorney. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *see also id.* at 195 (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing cases)); *United States v. High Country Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."). "[T]he rationale for that rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 202. Thus, "[t]he rule requiring corporations to have counsel rather than to proceed in litigation pro se

PAGE 2 – ORDER

applies even if the corporation is a non-profit corporation." *Her Oceans v. Cmty. Outreach Behav. Servs., Inc.*, 2021 WL 3172914, at *1 (D. Idaho July 27, 2021).

Because Defendant Zamanizadeh cannot represent ACS in federal court, the Court only considers the motion on the merits as brought by Defendant Zamanizadeh. ACS may not appear for the purpose of bringing any motions or otherwise defending against any motions or at trial other than through counsel, even if that means Plaintiff may obtain judgment against ACS because of its lack of defense. ACS must obtain counsel to defend itself in federal court.

Regarding Defendant Zamanizadeh's own motion for partial summary judgment, he timely objects to Judge Armistead's Findings and Recommendation. Defendant presents purported new evidence from his criminal sentencing arising out of the underlying events relating to this lawsuit, which occurred after the briefs were filed on the pending motion. Defendant argues that Judge Armistead erred in finding a factual dispute between the parties' versions about the underlying events. Defendant broadly asserts that at his criminal sentencing U.S. District Judge Anna Brown noted that Plaintiff also had "unclean hands" and thus there is no factual dispute.

Defendant's objection is unavailing for two reasons. The first is that Judge Armistead denied Defendant's motion for partial summary judgment because it requests dismissal of this entire case based on challenging only a portion of Plaintiff's claim that has already been resolved through Defendant's criminal case, and thus Defendant's argument is no longer material to the remaining parts of this case. Defendant does not challenge that reasoning by Judge Armistead.

The second and independent reason Defendant's objection is unavailing is because Defendant's purported new evidence does not resolve the disputed facts. Judge Armistead denied Defendant's motion on a second and alternative basis. Judge Armistead noted that the portion of

Plaintiff's claim challenged by Defendant related to a piece of real property that had been returned to Plaintiff in Defendant's criminal proceeding. Judge Armistead concluded that there were disputed issues of fact about the underlying real property transfer even if the transfer remained relevant and material despite the property's return to Plaintiff. Defendant's new evidence, even if accepted and credited by this Court, would not resolve that factual dispute because if any general comment were made by Judge Brown that Plaintiff had "unclean hands," that would not resolve the specific dispute about whether Defendant knew about the particular real estate transfer, gave permission for Plaintiff to sign Defendant's name on the documents, or otherwise was involved in the transfer. These specific issues would remain in dispute, as found by Judge Armistead.

For those portions of Judge Armistead's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Armistead's Findings and Recommendation, ECF 146, as supplemented in this Order. The Court DENIES Defendant's motion for partial summary judgment, ECF 136.

**IT IS SO ORDERED.**

DATED this 1st day of August, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER